IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 14-cv-03397-CMA-MJW

JOHN TONEY, and
VALERIE TONEY,

    Plaintiffs,

v.

JP MORGAN CHASE BANK, a National Association,

    Defendant.

---

**ORDER DENYING PLAINTIFFS' MOTION TO VACATE REFERRAL TO MAGISTRATE JUDGE WATANABE (DOC. # 41)**

---

Before the Court is Plaintiffs John Toney and Valerie Toney's Motion to Vacate Reference to Magistrate Watanabe. (Doc. # 41.) For the reasons stated below, Plaintiffs' motion is DENIED.

Plaintiffs, who are proceeding pro se in this matter, filed their complaint on December 17, 2014. (Doc. # 1.) On January 9, 2015, the Court referred this case to Magistrate Judge Watanabe with instructions to conduct all motion proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72(a) and (b). (Doc. # 7.) Plaintiffs seek to have the Court vacate its referral of this case to Magistrate Judge Watanabe and refer the case to a different magistrate judge.

In support of this request, Plaintiffs assert that Magistrate Judge Watanabe "(1) [h]as a personal bias against [one] or both of them; (2) [h]as indicated personal

knowledge of the claims in their case due to being the settlement judge in a settlement conference between the same parties in 2012; (3) [h]as repeatedly shown favor to Defendant in this case because of the bias against the Plaintiffs, and, (4) [h]as prejudged Plaintiffs' case in favor of Defendant." (Doc. # 41 at 1.)

Plaintiff's motion consists primarily of their arguments regarding the merits of their claims. However, in order to decide the present motion, the Court will focus on the alleged conduct of Magistrate Judge Watanabe that purportedly evinces a personal bias against Plaintiffs. First, Plaintiffs allege that at a hearing on February 9, 2015, Magistrate Judge Watanabe "referenced two cases that Plaintiffs had previously filed in this Court . . . and accused the Plaintiffs of re-litigating previously settled issues and/or continuing the litigation, directing them to review 28 U.S.C. § 1927." (Doc. # 41 at 5-6.) Second, Plaintiffs allege that Defendant "repeatedly requested the Court to extend deadlines, which Magistrate Judge Watanabe granted <u>every single time</u>." (Doc. # 41 at 8 (emphasis in original).) Third, Plaintiffs allege that "[w]hat showed Magistrate Watanabe's prejudice against the Toneys the most, was his demand to know what gave Plaintiffs the 'right to stay in [their] house.'" (Doc. # 41 at 13.)

However, the fact that Magistrate Judge Watanabe—or any judge for that matter—references prior litigation between the parties, grants the opposing party's motions for extensions, or asks a substantive legal question with regard to the merits of a claim does not demonstrate personal bias or prejudice against a litigant. All judges must thoroughly address legal questions and other issues that arise in litigation, and

such analysis should not be interpreted as evidence of personal bias or prejudice simply because the party receives indication of skepticism or of a potentially adverse ruling.

Therefore, the Court finds that Plaintiffs have failed to demonstrate that Magistrate Judge Watanabe harbors any personal bias or prejudice against them. Therefore, Plaintiffs' Motion (Doc. # 41) is DENIED.

DATED: November 4, 2015          BY THE COURT:

_Christine M. Arguello_
CHRISTINE M. ARGUELLO
United States District Judge