IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  14-cv-03397-CMA-MJW

JOHN TONEY, and
VALERIE TONEY,

Plaintiffs,

v.

JP MORGAN CHASE BANK, *a National Association*,

Defendant.

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that Plaintiffs' Motion to Compel Discovery from Defendant JP Morgan Chase and Request for Sanctions (Docket No. 46) is GRANTED IN PART AND DENIED IN PART, as follows.

Plaintiffs argue that Defendant's Responses to Plaintiffs' First Set of Interrogatories (Docket No. 49-1) is inadequate because the Fed. R. Civ. P. 33(b)(5) verifications are not under oath. Plaintiffs are correct. Because the client verification was neither sworn before a notary nor signed "under penalty of perjury," the verification is deficient. *See* 28 U.S.C. § 1746; *In re World Trade Center Disaster Site Litigation*, 722 F.3d 483, 487-88 (1st Cir. 2013). Accordingly, it is hereby ORDERED that Defendant shall provide a proper verification for its responses to Plaintiff's first set of interrogatories no later than January 27, 2016.

Plaintiffs further argue that Defendant's Responses to Plaintiffs' First Request for Admissions (Docket No. 49-3) are inadequate insofar as Defendant's denials did not "fairly respond to the substance of the matter" as required by Fed. R. Civ. P. 36(a)(4). The Court agrees, as to all requests for admission pertaining to requesting credit reports. In each of these requests, Plaintiffs ask whether Defendant received a credit report or certified a permissible purpose to a credit bureau for purposes of receiving a credit report. (*See, e.g.*, Docket No. 49-3, p.7.) In each response, Defendant denied the request to admit, then explained that it "has been able to locate any information to show that Chase's Credit Department pulled a credit report for the Plaintiffs on or about [date] for the Mortgage or any mortgage related transaction." (*See, e.g.*, *id.*) Defendant's responses are inadequate for two reasons. First, Plaintiffs' requests for admission were not limited to Chase's Credit Department and were not limited to requests related to a mortgage. Second, elsewhere in Defendant's discovery

responses, Defendant specifically describes requesting a Kroll Factual Data report on or about April 15, 2014, in direct response to Plaintiffs' interrogatories about requesting credit reports.  The Court takes these responses to suggest that the Kroll Factual Data report includes credit reports; otherwise, the information would be nonresponsive.  As a result, Defendant's interrogatory responses appear to contradict its admission denials.  The Court concludes that Defendant has not fairly responded to the substance of Plaintiffs' requests for admissions.  Accordingly, <u>it is further ORDERED</u> that Defendant shall provide revised responses to Plaintiffs' requests for admissions no later than January 27, 2016; these revised responses shall (1) respond to the requests for admission without imposing extraneous limitations on the scope of Plaintiffs' requests; and (2) eliminate or explain the discrepancy between Defendant's admission responses and its interrogatory responses.

      The Court has considered Plaintiffs' remaining arguments and finds no further flaws in Defendant's discovery responses.  Further, the Court finds that Plaintiffs have not established any bad faith; to the contrary, the Court finds that Defendant's lapses were substantially justified and that an award of sanctions would be unjust under the circumstances.  Accordingly, the balance of Plaintiffs' motion is DENIED.

<u>Date: January 13, 2016                                                   </u>