IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03397-CMA-MJW

JOHN TONEY, and
VALERIE TONEY,

Plaintiffs,

v.

JP MORGAN CHASE BANK, *a National Association*,

Defendant.

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is HEREBY ORDERED that:

- Plaintiffs' Motion for Sanctions Against Chase for Failing to Respond to Discovery Requests Pursuant to the Court's Order on January 13, 2016 and to Strike Chase's Motion for Summary Judgment Due to Outstanding Discovery Issues (Docket No. 62) is GRANTED IN PART AND DENIED IN PART;

- Defendant's Motion for Summary Judgment (Docket No. 60) is STRICKEN; and

- Plaintiffs' motion (Docket No. 62) is denied in all other respects.

## Background

On June 4, 2015, Plaintiffs served written discovery requests on Defendant. As is relevant here, those requests included requests for admissions -- specifically, various requests that Defendant admit to ordering Plaintiffs' credit reports and certifying a permissible purpose for doing so. Defendant denied those requests, after several extensions of time (and two orders from the Court warning Defendant that the Court's patience was wearing thin, see Docket Nos. 37 & 45). Plaintiffs felt that Defendant's denials did not fairly respond to the substance of the matter, *see* Fed. R. Civ. P. 36(a)(4), and on December 1, 2015, Plaintiffs moved the Court for an order compelling amended responses. (Docket No. 46.)

The Court granted Plaintiffs' motion on January 13, 2016.  (Docket No. 51.)  In granting the motion, the Court ordered Defendant to:

(1) correct its deficient verifications;

(2) explain the discrepancies between its admission responses and interrogatory responses; and

(3) admit or deny Plaintiffs' requests for admissions "without imposing extraneous limitations on the scope of Plaintiffs' requests."

The Court imposed that third condition because "Plaintiffs' requests for admission were not limited to Chase's Credit Department and were not limited to [credit report] requests related to a mortgage."  Defendant predicated its denials on these limitations, and the Court agreed with Plaintiffs that the denials therefore did not respond fairly to the substance of Plaintiffs' requests for admission.

Plaintiffs now move for sanctions, arguing that Defendant's updated responses continue to impose extraneous limitations.

## Discussion

The Court disagrees with most of Plaintiffs' arguments.  For example, Plaintiffs argue that Defendant again imposed extraneous limitations because Defendant volunteered additional information to explain its responses.  Needless to say, offering additional information does not impose an extraneous limitation – indeed, the additional information was provided because Court ordered Defendant to explain its responses better, at Plaintiffs' request.  Plaintiffs' argument on this point is frivolous.  Likewise, Plaintiffs disagree with the legal positions taken by Defendant in responding to the requests -- but that disagreement does not make Defendant's responses insufficient.

However, Plaintiffs make one argument that the Court agrees with.  Defendant again denied that its Credit Department ever requested Plaintiffs' credit reports.  This is one of the two specific limitations that the Court explicitly ordered Defendant to remove from its responses.  And in responding to Plaintiffs' motion for sanctions, Defendant offers no explanation for this continued limitation.  Defendant's actual discovery responses included objections that the requests are "overly broad and not reasonably calculated to lead to the discovery of admissible evidence" (e.g., Docket No. 70-1, p.2), a point that the Court might be inclined to agree with.  But this appears to be mere boilerplate: Defendant made no mention of it in its brief opposing Plaintiffs' motion for sanctions, and indeed "reasonably calculated to lead to the discovery of admissible evidence" is no longer part of Rule 26.  *See* Fed. R. Civ. P. 26, *Committee Notes on Rules--2015 Amendment.*  Accordingly, the Court cannot rule on the basis of these objections.  Plaintiffs' motion for sanctions is granted.

As sanctions, Plaintiffs ask that the Court:

(1) strike Defendant's Motion for Summary Judgment (Docket No. 60);

(2) extend the dispositive motions deadline;

(3) prohibit Chase from "supporting or defending claims or defenses that involve Plaintiffs' credit reports";

(4) render default judgment against Chase; and/or

(5) hold Defendant in contempt.

(See Docket No. 62, p.8.) The latter three of these are all unwarranted; the Court sees no bad faith in Defendant's conduct and little prejudice to Plaintiffs, and it is notable that Defendant complied with all other aspects of the Court's January 13, 2016 Minute Order. As to the dispositive motions deadline, the Court has already twice extended it at Plaintiffs' request. (Docket Nos. 48 & 55.) Further, Plaintiffs appear to have all the evidence they need to file a dispositive motion. (See Docket No. 62, p.7 (describing evidence allegedly proving that Defendant's responses are in bad faith).) The Court sees no grounds for further extending the deadline.

As a result, the only requested sanction that the Court grants is to strike Defendant's motion for summary judgment.

Date: March 14, 2016